IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, | Case No. 1:11-cv-01270 LJO JLT |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | (Doc. 2) |
| BANK OF AMERICA, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| Defendant. | (Doc. 1) |

Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis. This proceeding was referred to this Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

I.  **IN FORMA PAUPERIS**

The Court may authorize the commencement of an action in federal court without prepayment of fees if the party submits an affidavit that includes a statement of its assets and demonstrates that it is unable to pay the fees. See 28 U.S.C. § 1915(a)(1). The Court has reviewed Plaintiff's application to proceed in forma pauperis and has determined that he satisfies the requirements of § 1915(a)(1). Thus, Plaintiff's motion to proceed in forma pauperis is **GRANTED**.[1]

---

[1] Plaintiff is a frequent filer of non-meritorious lawsuits in this district. See, e.g., Wheeler v. United States, No. 11-cv-1045 LJO JLT (E.D. Cal.); Wheeler v. American Tobacco Co, Inc., No. 10-cv-0851 OWW JLT (E.D. Cal.); Wheeler v. Payless Towing, No. 09-cv-1829 LJO SMS (E.D. Cal.). Plaintiff is thus forewarned repeated filing of frivolous cases lacking in merit may result in the Court ordering a plaintiff to show cause why he should not be declared a vexatious litigant

**II.    SCREENING REQUIREMENT**

The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**III.    THE COMPLAINT**

Plaintiff alleges as follows. Sometime prior to August 2007, Plaintiff opened a bank account with Bank of America. (Doc. 1 at 2.) Later, Bank of America allowed an unknown person to withdraw money from Plaintiff's account, which resulted in $208.00 in overdraft fees due to insufficient funds. (Id.) The same happened again not long after, leading to an overdraft fee of $218.00. (Id.)

Plaintiff spoke with a bank branch representative and indicated that he did not want overdraft protection and would like to reject any debit from his account whenever he had insufficient funds in his account. (Id. at 3.) However, Plaintiff continued to incur overdraft fees. (Id.) Most recently, on July 11, 2011, Plaintiff incurred a $35.00 overdraft fee for exceeding his account balance by $3.58. (Id.) Plaintiff complained to the bank manager, but the manager claimed that there was nothing that could be

---

and pre-filing restrictions be imposed. See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

done. (Id. at 4.)

Based on the foregoing allegations, Plaintiff claims that Bank of America violated his right to due process under the Fifth and Fourteenth Amendments. (Id. at 1.) In terms of relief, Plaintiff seeks monetary damages. (Id. at 6.)

## IV.  DISCUSSION

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. In other words, to prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

The key question in determining whether a person has acted under color of state law is whether that person's actions are "fairly attributable to the State." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)). In this regard, the Ninth Circuit has recognized at least four criteria to identify state action: (1) the defendant performs a public function; (2) the defendant engages in joint activity with a state actor; (3) the defendant is subject to coercion by the government; or (4) there is a sufficiently close governmental nexus with the defendant. See Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th Cir. 2003).

None of the four criteria identified by the Ninth Circuit in Kirtley are present in this case. The Court must therefore conclude that whatever actions were allegedly taken by Bank of America against Plaintiff were purely private in nature and are not fairly attributable to the government. Plaintiff thus fails to state a cognizable § 1983 claim.[2] See West, 487 U.S. at 48.

Although it is clear that Plaintiff is unable to plead an action under the Civil Rights Act, the Court will nevertheless afford Plaintiff the opportunity to amend his pleadings to assert an alternative

---

[2] This is not the first time that Plaintiff has identified purely private individuals as defendants to his § 1983 claims. See, e.g., Wheeler v. Payless Towing, No. 09-cv-1829 LJO SMS (E.D. Cal.); Wheeler v. American Tobacco Co., No. 10-cv-0851 OWW JLT (E.D. Cal.). Plaintiff is advised that filing a § 1983 action against a purely private individual constitutes a frivolous actio.

3

cause of action and basis for federal jurisdiction over this case. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff is advised in this regard that federal courts are "courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. It is presumed that a cause lies outside this limited scope, and the burden of showing the contrary rests upon the party asserting federal jurisdiction. Kokkonen, 511 U.S. at 377; Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

## V. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is **GRANTED**;
2. Plaintiff's complaint (Doc. 1) is **DISMISSED**;
3. Plaintiff is granted **thirty (30) days** from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; and
4. **Plaintiff is cautioned that failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **August 11, 2011**                                        /s/ Jennifer L. Thurston
                                                                                                 UNITED STATES MAGISTRATE JUDGE