IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:11-cv-01270 LJO JLT<br><br>ORDER DISMISSING THE AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 8) |

　　　　On August 11, 2011, the Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and dismissed it with leave to amend. (Doc. 5.) Now pending before the Court is Plaintiff's amended complaint filed August 31, 2011. (Doc. 8.)

I.　　**SCREENING REQUIREMENT**

　　　　The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

　　　　"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .

. claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE AMENDED COMPLAINT

Plaintiff alleges as follows. Prior to August 2007, Plaintiff opened a bank account with Bank of America. (Doc. 8 at 3.) Thereafter, Bank of America "allowed someone unknown to [P]laintiff to debit" money from Plaintiff's account. (Id.) This resulted in $208 in overdraft fees due to Plaintiff having insufficient funds in his account. (Id.) About a day later, this happened again, leading to a second overdraft fee of $218. (Id.) Plaintiff closed the account. (See id. at 4.)

Plaintiff reopened a bank account with Bank of America on August 6, 2010. (Id.) When he opened the new account, Plaintiff "made it clear" to his personal banker that he did not want overdraft protection and that the bank should reject any debit whenever his account had insufficient funds. (Id.) Nevertheless, despite his explicit request, on July 11, 2011 Plaintiff incurred a $35 overdraft fee for exceeding his account balance by $3.58. (Id.) Plaintiff complained to the claims department and the bank manager, but Plaintiff was told that nothing could be done. (Id. at 5.)

Based on the foregoing allegations, Plaintiff claims that Bank of America violated his right to due process under the Fifth and Fourteenth Amendments. (Id. at 1.) Plaintiff also appears to present a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Id. at 8.) In terms of relief, Plaintiff seeks monetary damages. (Id. at 10.)

## III.  DISCUSSION

### A.  Section 1983

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983.  In other words, to prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  Here, there are no facts suggesting that Bank of America is acting under color of state law.  Accordingly, Plaintiff's due process claims fail as a matter of law.

**B.    RICO**

RICO allows a private citizen to recover treble damages for any injury by reason of a violation of 18 U.S.C. § 1962, which among other things, prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity.  18 U.S.C. § 1962(c).  In order to state a viable claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).  In addition, the plaintiff must allege that the conduct was the proximate cause of the injury to plaintiff's business or property.  Chaset v. Fleer/Skybox Int'l, L.P., 300 F.3d 1083, 1086 (9th Cir. 2002).

In this case, Plaintiff's RICO claim fails because, among other things, he fails to allege facts demonstrating an enterprise.  A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity[.]"  18 U.S.C. § 1961(4).  It appears here that Plaintiff suggests that Bank of America is the RICO enterprise.  However, a corporation cannot simultaneously constitute the RICO enterprise and the RICO defendant; they must be distinct entities.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1534 (9th Cir. 1992).

Plaintiff fares no better if his allegations are construed to suggest that Bank of America and the "unknown persons" debiting Plaintiff's account form an association-in-fact enterprise.  An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct."  United States v. Turkette, 452 U.S. 576, 583 (1981).  In other words, there must be (1) common purpose of engaging in a course of conduct; (2) an ongoing organization, either formal or

informal; and (3) a continuing unit demonstrating ongoing activity. <u>Odom</u>, 486 F.3d at 552-53.  Here, Plaintiff fails to allege facts demonstrating any of the three elements required to show an association-in-fact enterprise.  There is no indication of any relationship, let alone an ongoing organization, between Bank of America and the "unknown persons" debiting Plaintiff's account.

### C. Leave to Amend

The Court will provide Plaintiff the opportunity to file a second amended complaint to attempt to cure the deficiencies identified by the Court.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).  If Plaintiff chooses to file a second amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims.  See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also forewarned that once he files a second amended complaint, his previous pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's amended complaint (Doc. 8) is **DISMISSED**.
2. Plaintiff is granted **thirty (30) days** from the date of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Plaintiff is cautioned that failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **September 23, 2011**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE