IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, | 1:11-cv-01270-LJO-JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE |
| vs. | |
| BANK OF AMERICA, | (Doc. 11) |
| Defendant. | |
| _____/ | |

On September 23, 2011, the Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) and dismissed it with leave to amend.  Now pending before the Court is Plaintiff's Second Amended Complaint filed on October 11, 2011 (Doc. 11.), which is now before the Court for screening.

For the following reasons, the Court recommends Plaintiff's Second Amended Complaint be **DISMISSED WITH PREJUDICE**.[1]

**I.    Screening Requirement**

When a plaintiff is proceeding in forma pauperis, the Court is required to review the

---

[1] Plaintiff is a frequent filer of non-meritorious lawsuits in this district.  See e.g., Wheeler v. United States, No. 11-cv-1045 LJO JLT (E.D. Cal.); Wheeler v. American Tobacco Co., Inc., No. 10-cv-0851 OWW JLT (E.D. Cal.); Wheeler v. Payless Towing, No. 09-cv-1829 LJO SMS (E.D. Cal.).  Plaintiff is again warned that repeated filing of frivolous cases lacking in merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed.  See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

-1-

complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

**II.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 521–21 (1972). However, a complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). A claim is legally frivolous when it lacks an arguable basis either in

law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325, (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory.  Neitzke, 490 U.S. at 327.

**III.    Plaintiff's Allegations**

Plaintiff alleges as follows.  In January of 2007, Plaintiff opened a bank account with Bank of America. (Doc. 11 at 4.) Thereafter, Bank of America "allowed someone unknown to [P]laintiff to debit" money from Plaintiff's account. (Id.)  This resulted in $208 in overdraft fees due to Plaintiff having insufficient funds in his account. (Id.)  This occurred again on two occasions, on January 8, 2008 and July 15, 2009, which led to overdraft fees of $218 and $70, respectively. (Id.)  Plaintiff later closed the account. (Id.)

Plaintiff reopened an account with Bank of America on August 6, 2010. (Doc. 11 at 4.) When he opened the new account, Plaintiff "made it clear" to his personal banker that he did not want overdraft protection and that the bank should reject any debit whenever his account had insufficient funds. (Id.)  Nevertheless, despite his explicit request, on July 11, 2011, Plaintiff incurred a $35 overdraft fee for exceeding his account balance by $3.58. (Id. at 4-5.)  Plaintiff complained to the claims department and the bank manager, but was told that nothing could be done. (Id. at 5.)

On August 20, 2011, Defendant sent Plaintiff a notice which indicated that he had unpaid balance of $118.53 and stated that if the situation was not resolved, the bank could be "forced" to close Plaintiff's account. (Doc. 11 at 13.)  According to a subsequent notice provided by Defendant, Plaintiff's account reflected an overdue balance of $128.48, which if left unresolved would result in an additional overdrawn balance charge of $35. (Doc. 11 at 14.)  Ultimately, Defendant forwarded Plaintiff's account to a collection agent, and on April 6, 2011, the agent sent Plaintiff a notice reflecting a balance due of $75.50.

Based on the foregoing allegations, Plaintiff claims that Bank of America violated his constitutional rights and raises state law claims of conspiracy to commit conversion and defamation.  In terms of relief, Plaintiff seeks monetary damages. (Id. at 10.)

///

## IV. The Court lacks jurisdiction

The district court is a court of limited jurisdiction, and is not empowered to hear every dispute filed by litigants.  See Exxon Mobil Corp v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); A-Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003).  The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears."  A-Z Int'l, 323 F.3d at 1145 (quotations omitted).

### A. Federal question jurisdiction

Federal question jurisdiction, arising under 28 U.S.C. § 1331, requires a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, §2 of the U.S. Constitution, or (3) be authorized by a federal statute that regulates a specific subject matter *and* confers federal jurisdiction.  Baker v. Carr, 369 U.S. 186, 198 (1962).

Plaintiff's Second Amended Complaint states that he is entitled to federal question jurisdiction because he claims that Bank of America violated his rights provided by the United States Constitution.  (Doc. 11 at 2)  However, rather that specify which federal rights have been violated, Plaintiff asserts general claims for civil conspiracy and defamation which sound in state law.  Apparently, in an effort to bolster his claim of federal question jurisdiction, Plaintiff provides a partial citation to 18 U.S.C.A. § 242, the federal statute that imposes criminal liability for those entities or persons who, "under color of any law" deprive any person rights "secured or protected by the Constitution or laws of the United States."  18 U.S.C.A. § 242.  To the extent the federal citation represents an effort to raise questions of federal law, the effort is unsuccessful.

To determine whether a statute provides a private right of action, the Court must decide whether Congress intended to create both a personal right and a private remedy.  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1231 (9th Cir. 2008).  Here, the federal statute,

clearly does not confer rights on a specific class of persons, but rather criminalizes certain specified conduct as noted above. Because the Court finds neither personal rights nor private remedies in the statutory text, the Court concludes that there is no private right of action under 18 U.S.C. § 242.

In addition, Plaintiff's citation to 18 U.S.C.A. § 242 is unrelated to the facts of his state law claim. Thus, to the extent the federal citations represent efforts to raise questions of federal law, the effort is unsuccessful. "'Merely referring to a federal statute, . . . does not establish federal jurisdiction if the dispute does not involve "a substantial question of federal law."'" Am. Fed. of Television and Radio Artists, AFL-CIO, 164 F.3d 1004, 1007 (6th Cir. 1999); see also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement 524 F.3d 1090, 1094 (9th Cir. 2008) (stating that a suit may be dismissed for "want of federal jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . .").

Finally, the Court's previous screening order addressing Plaintiff's First Amended Complaint (Doc. 10 at 2-3.), informed Plaintiff he was unable to pursue claims under the Civil Rights Act because there is no indication whatsoever that Bank of America acted under color of state law. (Doc. 10 at 3.) In Plaintiff's Second Amended Complaint, Plaintiff fails to establish any alternative for pursuing claims against Defendant for violations of his constitutional rights. Notably, the amendments to the Constitution do not create a direct cause of action. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution").

**B.   No RICO claim stated**

RICO allows a private citizen to recover treble damages for any injury by reason of a violation of 18 U.S.C. § 1962, which among other things, prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c). In order to state a viable claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Odom v. Microsoft Corp., 486 F.3d

541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). In addition, the plaintiff must allege that the conduct was the proximate cause of the injury to plaintiff's business or property. Chaset v. Fleer/Skybox Int'l, L.P., 300 F.3d 1083, 1086 (9th Cir. 2002).

Once again, Plaintiff's RICO claim fails because, among other things, he fails to allege facts demonstrating an enterprise. A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity[.]" 18 U.S.C. § 1961(4). As before, Plaintiff continues to allege that Bank of America is the RICO enterprise. However, a corporation cannot simultaneously constitute the RICO enterprise and the RICO defendant; they must be distinct entities. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1534 (9th Cir. 1992).

On the other hand, though Plaintiff lists a number of people who work at the Bank as individuals who make up the RICO enterprise, there are no factual allegations that support that these individuals are involved in a criminal enterprise. The suggestion that because these individuals failed to prevent overdraft charges from accruing on Plaintiff's account is a far cry from the criminal activity that RICO was designed to prevent. Moreover, such a claim is facially implausible. Iqbal, 129 S.Ct. at 1949.

Moreover, there is no sufficient factual support–and no facially plausible claim– that these individuals are acting for a common purpose of engaging in a course of conduct. United States v. Turkette, 452 U.S. 576, 583 (1981). In other words, there must be (1) common purpose of engaging in a course of conduct; (2) an ongoing organization, either formal or informal; and (3) a continuing unit demonstrating ongoing activity. Odom, 486 F.3d at 552-53. Therefore, the Court finds that Plaintiff has not and cannot state a claim under RICO.[2]

///

---

[2]Moreover, it is apparent that Plaintiff is trifling with this Court. For whatever reason, Plaintiff has decided that the United States District Court is at his disposal to hear whatever petty dispute he contrives with whichever defendant he uncovers. In no uncertain terms Plaintiff is admonished that this Court will not tolerate his continued misuse of the judicial resources of this Court. **Further frivolous filings will result in this Court declaring him to be a vexatious litigant.**

**B.     Diversity Jurisdiction**

Any claims based on contract, tort, or other state cause of action may proceed in federal court only if Plaintiff properly alleged facts to support diversity jurisdiction.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806); 28 U.S.C. § 1332(a).

First, though Plaintiff concludes that Bank of America's citizenship is diverse from his own, there are no facts alleged to support this conclusion.  Moreover, even if there is complete diversity of citizenship between the parties, there must be at least $75,000 in controversy to support the Court's jurisdiction. 28 U.S.C. § 1332(a).  However, as discussed above, Plaintiff's factual allegations regarding any amounts charged by Defendants fail to establish an amount in controversy which exceeds the $75,000 threshold.  According to Plaintiff, Defendant assessed overdraft fees against Plaintiff for $208 and $218 on January 8, 2007 and January 8, 2008 respectively, and $70 in overdraft charges on July 15, 2009 and again on July 11, 2011.  Plaintiff alleges that by August 20, 2011, Defendants claimed a total amount of overdraft fees of $118.53 but have presently claimed an additional $128.48 in amounts owed by Plaintiff.  Ultimately, according to Plaintiff's allegations, Defendant placed Plaintiff's account with a collection agency, to collect a claimed amount of $75.50.

Thus, at most, the sum total of the alleged improper overdraft charges and balances owed comprise the amount in controversy, such addition results in a figure of less than one thousand dollars.  However, in spite of what appears to be a modest amount in controversy, Petitioner alleges damages in the amount of $164,750, which includes $10,000 for Plaintiff's inconvenience, $100,000 for the delay caused to Plaintiff in using his account, $40,000 for non-economic mental and emotional distress, and a ten dollar per day penalty beginning on July 15, 2007[3] and continuing through the time that Defendant corrects Plaintiff's credit report.  However, this unsupported prayer for relief is not sufficient to demonstrate the jurisdictional amount.

---

[3] How Defendant could possibly be liable for this penalty for a period of time four years *before* the alleged unlawful conduct occurred, is not explained.

1  "While a federal court must of course give due credit to the good faith claims of the
2  plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face
3  value, no matter how trivial the underlying injury." <u>Diefenthal v. Civil Aeronautics Bd.</u>, 681
4  F.2d 1039, 1052 (5th Cir. 1982); <u>see</u> <u>also</u> <u>Christensen v. Northwest Airlines, Inc.</u>, 633 F.2d 529
5  (9th Cir.1980) (affirming dismissal on ground that injury was to small to establish requisite
6  amount of damages); <u>Anthony v. Security Pac. Fin. Serv. Inc.</u>, 75 F.3d 311, 318 (7th Cir. 1996);
7  <u>Surber v. Reliance Nat'l Indem. Co.</u>, 110 F.Supp.2d 1227, 1231 (N.D.Cal.2000).  The authority
8  which the statute vests in the Court to enforce the limitations of its jurisdiction precludes the idea
9  that jurisdiction may be maintained by mere averment.   Here, Plaintiff's factual allegations (of
10  less than a thousand dollars regarding the amount in controversy) simply do not support the
11  amounts claimed he seeks in relief.  Accordingly, the Court finds Plaintiff's damage allegations
12  inflated and made solely to invoke the Court's federal diversity jurisdiction.
13  For the reasons outlined above, the  Court lacks jurisdiction over Plaintiff's claims.

## V.   No leave to amend

15  The Court will not grant Plaintiff leave to amend because it is apparent that the
16  deficiencies identified in this order cannot be cured. See <u>Noll v. Carlson</u>, 809 F.2d 1446,
17  1448–49 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint
18  unless it is absolutely clear that the deficiencies of the complaint could not be cured by
19  amendment.") (internal quotations omitted).

## VI.   Findings and Recommendation

21  In accordance with the above, it is **HEREBY RECOMMENDED** that:
22  1. This action be **DISMISSED**; and
23  2. This case be closed.
24  These findings and recommendations are submitted to the United States District Judge
25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within 14 days
26  after being served with these findings and recommendations, Plaintiff may file written objections
27  with the Court.  If Plaintiff elects to file written objections, he should caption the document as
28  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 15, 2011**                    <u>         /s/ Jennifer L. Thurston         </u>
                                                            UNITED STATES MAGISTRATE JUDGE